## WILLIAM W. BENNETT v. THE NEW JERSEY RAILROAD AND TRANSPORTATION COMPANY.

1. The driver of a horse car is not the agent of a passenger so as to render such passenger chargeable for the negligence of such driver.
2. When a passenger in a horse car is injured by the carelessness of the engineer of a railroad company in the management of his locomotive it is no defence to show contributory negligence in the driver of the horse car.

On rule to show cause, &c.

Argued at February Term, 1873, before BEASLEY, Chief Justice, and Justices BEDLE, DALRIMPLE and DEPUE.

For plaintiff, *Leon Abbett.*

For defendants, *I. W. Scudder.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The cars of the Jersey City and Bergen Railroad Company, in crossing the track of the defendants, the New Jersey Railroad and Transportation Company, were struck by the locomotive of the latter company. At the time of this occurrence the plaintiff was a passenger in the horse car, and was considerably injured by the collision. The jury found the servants of the defendants in fault, and gave the plaintiff $5000 damages. The case stands before this court on a motion for a new trial, founded on two grounds: first, for a misdirection in matter of law at the circuit; and, second, because the damages are excessive.

The question of law then presented is this: the defendants at the trial, contended that there was evidence tending to show negligence in the servants of the horse car company, which negligence was, in part, productive of the accident, and requested the judge who presided to charge the jury that if this was so, the plaintiff was not entitled to recover. The proposition claimed to be law is, that when a passenger enters a public conveyance, he, in some sort, becomes affected by the negligence of the agents of those in charge of such conveyance, at least to the extent of debarring him from suits against third parties for injuries occasioned by the joint carelessness of such third parties, and that of the servants having the control of the vehicle in which he is riding.

This position has for its support the case of *Thorogood* v. *Bryan,* 8 *Man., Gr. & Scott* 116. The authority is in every respect in point. The suit was by the representatives of a person who had been run over and killed. The deceased was a passenger in an omnibus, and in getting out had been run

over by the omnibus of the defendant. The judge trying the cause charged the jury that if any want of care on the part of the driver of the omnibus in which the deceased was a traveler, had been conducive to the injury, their verdict must be for the defendant. This ruling was approved of by the court in banc.

This case stands, I think, in point of principle, alone in the line of English decisions, and the grounds upon which it rests seem to me inconsistent with familiar rules. The reason given for the judgment is, that the passenger in the omnibus " must be considered as identified with the driver of the omnibus in which he voluntarily " becomes a passenger, and that the negligence of the driver is the negligence of the passenger. But I have entirely failed to perceive how it is that the passenger in a public conveyance becomes identified, in any legal sense, with the driver of such conveyance. Such identification could result only in one way, that is, by considering such driver the servant of the passenger. I can see no ground upon which such a relationship is to be founded. In a practical point of view, it certainly does not exist. The passenger has no control over the driver, or agent in charge of the vehicle. And it is this right to control the conduct of the agent, which is the foundation of the doctrine that the master is to be affected by the acts of his servant. To hold that the conductor of a street car, or of a railroad train is the agent of the numerous passengers who may chance to be in it, would be a pure fiction. In reality there is no such agency, and if we impute it, and correctly apply legal principles, the passenger, on the occurrence of an accident from the carelessness of the person in charge of the vehicle in which he is being conveyed, would be without any remedy. It is obvious in a suit against the proprietor of the car in which he was a passenger, there could be no recovery if the driver or conductor of such car is to be regarded as the servant of the passenger. And so on the same ground each passenger would be liable to every person injured by the carelessness of such driver or conductor, because, if the negligence of such agent is to be attributed to

the passenger for one purpose, it would be entirely arbitrary to say that he is not to be affected by it for other purposes. And yet it is to be presumed that no court would go this length and impose on each person being carried by a railroad train, responsibility for the misconduct of the engineer or conductor of such train. The doctrine of the English case appears to convert the driver of the omnibus into the servant of the passenger, for the single purpose of preventing the passenger from bringing suit against a third party, whose negligence has co-operated with that of the driver in the production of the injury. I am compelled to dissent to such a proposition. Under the circumstances in question, the passenger is a perfectly innocent party, having no control over either of the wrong doers, and I can see no reason why, according to the usual rule, an action will not lie in his behalf against either or both of the employers of such wrong doers.

Nor do I think that in the English courts it is considered that the case of Thorogood v. Bryan, has settled the rule of law.

The question involved in it was decided on a rule to show cause, a circumstance which was regretted by one of the judges, who said that the subject was an important one, and ought to be definitively set at rest. The case itself was disparagingly criticised in the 4th edition of *Smith's Lead. Cas., Vol. I, p.* 220; and this criticism has, on two occasions at least, been referred to by the English courts, with marked respect. *Tuff* v. *Warman,* 2 C. B. (N. S.) 750; *Waite* v. *North Eastern R. Co., Ex., B. & El.* 728. From these considerations this case does not bear the weight which a deliberate decision of the Court of the King's Bench ordinarily carries with it. The doctrine of the case has, however, been adopted in Pennsylvania. *Lockhart* v. *Lichtenthaler,* 46. *Penn.* 152; but has been repudiated in New York. *Chapman* v. *New Haven R. R. Co.,* 19 *N. Y.* 341; *Webster* v. *Hudson R. R. Co.,* 38 *Ib.* 260.

The result is that in the present case the jury was rightly

instructed that the carelessness of the driver of the street car in which the plaintiff was a passenger, could not affect the suit or bar the plaintiff's right to recover for the negligence of the defendant.

Rule discharged.